**In re: Dominic M. SMITH, Plaintiff,**

v.

**Craig L. TRUMAN and Craig L. Truman, P.C., Defendants.**

**No. 04SA190.**

Supreme Court of Colorado, En Banc.

Feb. 28, 2005.

Meier & Giovanni, Doug Meier, Lakewood, Anne Whalen Gill, P.C., Anne Whalen Gill, Castle Rock, for Petitioner.

Montgomery Little & McGrew, P.C., Christopher B. Little, Englewood, for Respondents.

MULLARKEY, Chief Justice.

### I. Introduction

In this original proceeding, the petitioner, Dominic M. Smith, asks us to determine whether a criminal defendant must initiate and prevail in postconviction proceedings before he can maintain a legal malpractice action against his former criminal defense attorneys. We address this issue today in a companion case, *In re: Rantz v. Kaufman*, —— P.3d ——, 2005 WL 452056 (Colo.2005), and decide that a criminal defendant need not obtain postconviction relief before bringing suit.

### II. Facts and Procedural History

While delivering tires for his employer, Firestone Tires, Smith was involved in a collision that left one person dead and another seriously injured. As a result of the collision, Smith was charged with vehicular assault[1] and vehicular homicide.[2] Firestone retained Craig Truman to represent Smith at trial. On the advice of counsel, Smith waived

---

1. § 18–3–205, 6 C.R.S. (1999)

2. § 18–3–106, 6 C.R.S. (1999)

his right to a jury trial. Smith was subsequently convicted of both charges and sentenced to 3 years in the Department of Corrections.

Smith sought direct appeal of his conviction, which was upheld by the court of appeals in an unpublished opinion. *People v. Smith*, No. 00CA1267, 2002 WL 1766621 (Colo.App. February 7, 2002). Subsequently, Smith filed a malpractice action against Truman, alleging negligence, breach of fiduciary duty and several other claims. The primary basis of his claims was that Truman had negligently failed to present exculpatory evidence on his behalf and that this failure was motivated in part by the fact that Firestone was paying for Truman's services and wanted to avoid civil liability.

Smith had not filed a Crim. P. 35(c) motion or sought any other form of postconviction relief prior to filing the malpractice suit and still has not at the present time. Truman moved to dismiss Smith's complaint due to Smith's failure to seek postconviction relief. The district court agreed with Truman that obtaining postconviction relief is a prerequisite to maintaining a legal malpractice suit against the criminal defendant's former criminal defense attorney, but did not dismiss the suit. Noting that Smith still had ample time to pursue a Crim. P. 35(c) motion, the court issued a stay in the civil proceedings pending the outcome of postconviction proceedings.

Smith petitioned this court for relief pursuant to C.A.R. 21, and we issued a rule to show cause why Smith should not be allowed to proceed with his suit. Following our ruling in *Rantz*, we now make the rule absolute.

### III. Analysis

In *Rantz*, a former client sued his criminal defense attorneys for malpractice in their representation at his sexual assault trial. Prior to filing his malpractice suit, Rantz had filed a Crim. P. 35(c) motion claiming ineffective assistance of counsel on the same grounds alleged in his malpractice claim. His motion was denied, but is pending on appeal. The attorneys moved to dismiss

Rantz's complaint because he had failed to obtain postconviction relief. The district court declined to dismiss the suit and stayed the proceedings until a final determination of Rantz's Crim. P. 35(c) motion was made. On review of the district court's order, we held that obtaining postconviction relief was not a requirement to maintaining a malpractice suit.

Applying the holding in *Rantz* to the present case, we find that Smith's failure to seek or obtain postconviction relief is not a bar to bringing a malpractice suit against Truman. Accordingly, we make the rule to show cause absolute and order the district court to lift the stay and allow the civil suit to proceed.

Justice BENDER does not participate.